**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **State of Ohio, ex rel.** | ) | |
| **Attorney General Dave Yost,** | ) | **Case No. 2:20-cv-3430** |
| **30 East Broad St., 17th Floor** | ) | |
| **Columbus, OH 43215** | ) | **Judge:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT FOR** |
| **v.** | ) | **INJUNCTIVE RELIEF** |
| | ) | |
| **Wine.com, Inc.** | ) | |
| **d/b/a Wine.com** | ) | |
| **c/o Corporation Trust Company** | ) | |
| **Corporation Trust Center** | ) | |
| **1209 Orange Street** | ) | |
| **Wilmington, DE 19801** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **U.S. Beverage Advertising Corp.** | ) | |
| **d/b/a ReserveBar** | ) | |
| **c/o Lindsay Held** | ) | |
| **421 Main Street** | ) | |
| **Ridgefield, CT 06877** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Pacific Wine & Spirits, LLC** | ) | |
| **d/b/a Pacific Wine & Spirits** | ) | |
| **c/o Harutyun Kurazyan** | ) | |
| **1011 Highland Ave.** | ) | |
| **Glendale, CA 91202** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ShakeStir, LLC** | ) | |
| **d/b/a Cocktail Courier** | ) | |
| **c/o Corporation Service Company** | ) | |
| **251 Little Falls Drive** | ) | |

1

Wilmington, DE 19808     )
            )
and           )
            )
Winc, Inc. (Formerly Club W, Inc.) )
d/b/a Winc        )
c/o National Registered Agents, Inc. )
160 Greentree Drive     )
Ste. 101         )
Dover, DE 19904      )
            )
and           )
            )
Houdini, Inc.        )
d/b/a Wine Country Gift Baskets  )
c/o Daniel M. Maguire     )
4225 N. Palm St.      )
Fullerton, CA 92835     )
            )
and           )
            )
AWS Hopkins, LLC     )
d/b/a Ace Spirits      )
4 Shady Oak Road, #18    )
Hopkins, MN 55343     )
            )
    Defendants.     )

## INTRODUCTION AND NATURE OF THE ACTION

1. The State of Ohio, acting on the relation of its Attorney General Dave Yost, brings this civil action pursuant to the Twenty-First Amendment Enforcement Act, 27 U.S.C. 122a, in the public interest, to obtain equitable and injunctive relief, including a preliminary and permanent injunction against Defendants.

2. Defendants in this action, collectively and individually, have violated and continue to violate Ohio liquor laws by illegally shipping wine and/or spirituous liquor ("spirits") directly to consumers in Ohio.

2

3.     The illegal direct-to-consumer shipment of wine and spirits causes a significant loss in tax revenue for the State of Ohio.  Illegal direct-to-consumer shipment of wine and spirits also threatens the State's ability to ensure that wine and spirits are not sold to anyone in Ohio who is under twenty-one years of age.

4.     The State of Ohio generates public revenue through its retail sale of spirits. The illegal direct-to-consumer shipment of spirits causes a significant loss in sales revenue generated by the State of Ohio's retail sale of spirits.

5.     The purpose of this action is to enforce compliance with Ohio liquor laws and ensure the proper assessment and collection of taxes on the sale of wine and spirits to Ohio consumers.

**PARTIES**

6.     The Plaintiff is the State of Ohio, which brings this action in its sovereign and quasi-sovereign capacity, on relation of the Ohio Attorney General as the chief law enforcement officer of the State of Ohio.

7.     Plaintiff's relator is Dave Yost, Ohio Attorney General ("Attorney General Yost").  By virtue of his Office, Attorney General Yost is the chief legal officer of the State of Ohio. Plaintiff's relator brings this action on behalf of the State of Ohio and at the request of the Superintendent of Ohio's Department of Commerce, Division of Liquor Control, who is charged under Ohio law with the responsibility of enforcing compliance with Ohio's liquor laws.

8.     Pursuant to 27 U.S.C. § 122a(b), Attorney General Yost is authorized to bring this action for injunctive relief to restrain ongoing violations of Ohio laws governing the importation and transportation of intoxicating liquor and to enforce compliance with those laws.

3

9.      Upon information and belief, Defendant Wine.com, Inc. ("Wine.com") is a corporation headquartered in California and incorporated under the laws of Delaware. Wine.com sells wine and solicits orders directly from consumers through its website, https://www.wine.com/. The website advertises "Wine Delivered Right to Your Door." Consumers can order wine directly through the website, and Wine.com ships wine directly to consumers, including consumers in Ohio.

10.     Upon information and belief, Defendant U.S. Beverage Advertising Corporation ("ReserveBar") is a corporation doing business under the name "ReserveBar." ReserveBar is headquartered in and incorporated under the laws of Connecticut. ReserveBar sells wine and spirits and solicits orders directly from consumers through its website, https://www.reservebar.com/. Consumers can purchase wine and spirits directly through the website, and ReserveBar ships the wine and spirits directly to consumers, including consumers in Ohio.

11.     Upon information and belief, Defendant Pacific Wine & Spirits, LLC ("Pacific Wine & Spirits") is a limited liability company headquartered in and organized under the laws of California.

12.     Upon information and belief, Defendant ShakeStir, LLC ("Cocktail Courier") is a limited liability company doing business under the name "Cocktail Courier." Cocktail Courier is headquartered in Illinois and organized under the laws of Delaware. Cocktail Courier sells pre-packaged cocktail "kits." Each kit includes a bottle of spirits. Cocktail Courier solicits orders directly from consumers through its website, https://cocktailcourier.com/. Consumers can purchase cocktail kits directly through the website, and Cocktail Courier ships the kits directly to consumers, including consumers in Ohio.

13.    Upon information and belief, Defendant Winc, Inc. ("Winc") is a corporation headquartered in California and incorporated under the laws of Delaware. Winc sells wine and solicits orders directly from consumers through its website, https://www.winc.com/. Consumers can purchase wine directly through the website, and Winc ships wine directly to consumers, including consumers in Ohio.

14.    Upon information and belief, Defendant Houdini, Inc. ("Wine Country Gift Baskets") is a corporation doing business under the name "Wine Country Gift Baskets." Houdini, Inc. is headquartered in and incorporated under the laws of California. Wine Country Gift Baskets sells wine and solicits orders directly from consumers through its website, https://www.winecountrygiftbaskets.com/. The "FAQ" section of the website states, "Due to local ordinances, gift baskets containing wine may only be shipped to recipients 21 years and older living in: AK, AZ, CA, CO, CT, DE, DC, FL, HI, ID, IL, IN, IA, LA, MD, MA, MN, MO, MT, NE, NV, NH, NJ, NM, NC, ND, OH, OR, PA, RI, SC, TN, VA, WA, WV, WI, WY." Consumers can purchase wine directly through the website, and Wine Country Gift Baskets ships wine directly to consumers, including consumers in Ohio.

15.    Upon information and belief, Defendant AWS Hopkins, LLC ("Ace Spirits") is a limited liability company doing business under the name "Ace Spirits." Ace Spirits is headquartered in and organized under the laws of Minnesota. Ace Spirits sells wine and spirits and solicits orders directly from consumers through its website, https://www.acespirits.com/. Consumers can purchase wine and spirits directly through the website, and Ace Spirits ships wine and spirits directly to consumers, including consumers in Ohio.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this matter pursuant to 27 U.S.C. § 122a(c).

27 U.S.C. § 122a(c) explicitly vests the district courts of the United States with jurisdiction

over any action brought by a state Attorney General under 27 U.S.C. § 122a.

17.    Subject matter jurisdiction is also proper under 28 U.S.C. § 1331, which vests the federal

district courts with subject matter jurisdiction over actions arising under the laws of the

United States.

18.    This action arises under 27 U.S.C. § 122 ("The Webb-Kenyon Act") and 27 U.S.C. § 122a

("The Twenty-First Amendment Enforcement Act").

19.    This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k) and Ohio's

long-arm statute, Ohio Rev. Code 2307.382. Pursuant to the long-arm statute, Defendants

are subject to the jurisdiction of a court of general jurisdiction in the Southern District of

Ohio because this cause of action arises from Defendants' transacting business in the

Southern District of Ohio, specifically, the direct shipment of wine and/or spirits to a

person in Franklin County, Ohio.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and S.D. Ohio Civ. R.

82.1(e). A substantial part of the events and omissions giving rise to this action took place

in the Southern District of Ohio, specifically, the direct shipment of wine and/or spirits to

a person in Franklin County, Ohio.

## THE TWENTY-FIRST AMENDMENT AND RELATED FEDERAL STATUTES

21.    Section 2 of the Twenty-First Amendment to the United States Constitution provides: "The

transportation or importation into any State, Territory, or Possession of the United States

for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

22. The Webb-Kenyon Act, codified at 27 U.S.C. § 122, prohibits the "shipment or transportation, in any manner or by any means whatsoever, of any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind" from one State to another State for receipt, possession, sale, or use in violation of any law of the State to which the intoxicating liquor is transported or shipped.

23. The Twenty-First Amendment Enforcement Act, codified at 27 U.S.C. § 122a, authorizes the Attorney General of any state to bring a civil action for injunctive relief against any person the Attorney General has reasonable cause to believe "is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor[.]"

24. The Twenty-First Amendment Enforcement Act defines "intoxicating liquor" to include "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind[.]" 27 U.S.C. § 122a(a)(2).

25. The Twenty-First Amendment Enforcement Act defines "person" to include individuals, partnerships, corporations, companies, firms, societies, associations, joint stock companies, trusts, and other entities "capable of holding a legal or beneficial interest in property[.]" 27 U.S.C. § 122a(a)(3).

26. Pursuant to the Twenty-First Amendment Enforcement Act, the Attorney General may seek an injunction against any person the Attorney General has reasonable cause to believe is violating, or has violated, state law regulating the importation or transportation of intoxicating liquor, as the Attorney General determines necessary to (1) restrain the person

7

from engaging, or continuing to engage, in the violation; and (2) enforce compliance with applicable state law.

## AN OVERVIEW OF OHIO LIQUOR LAWS

27. The Ohio Department of Commerce, Division of Liquor Control ("Division"), is responsible for administering and enforcing Ohio's liquor laws.

28. Title 43 of the Ohio Revised Code governs the sale of intoxicating liquor in Ohio.

29. Ohio Rev. Code 4301.01(A)(1) defines the term "intoxicating liquor" broadly to include, but not be limited to, wine and spirituous liquor.

30. For purposes of both the Twenty-First Amendment Enforcement Act and Ohio law, the term "intoxicating liquor" includes both wine and spirituous liquor. 27 U.S.C. § 122a(a)(2); Ohio Rev. Code 4301.01(A)(1).

31. Ohio Rev. Code Chapter 4303 sets forth the various permits that must be obtained from the Division in order to engage in the manufacture, distribution, possession, and sale of beer or intoxicating liquor within the State of Ohio.

32. Ohio Rev. Code 4301.58(B) prohibits the sale of beer, intoxicating liquor, or alcohol by any person other than (1) an agent or employee of the Division; (2) an agent or employee of the Tax Commissioner; or (3) the holder of a valid permit issued by the Division. A permit holder may sell beer, intoxicating liquor, or alcohol only under the terms and conditions of the permit. Additionally, Ohio Rev. Code 4303.25 prohibits the manufacture, sale, transportation, or importation of beer or intoxicating liquor in Ohio without a valid permit issued by the Division.

33. Ohio Rev. Code 4301.01(B)(3) defines "wine" as including "all liquids fit to use for beverage purposes containing not less than one-half of one per cent of alcohol by volume

8

and not more than twenty-one per cent of alcohol by volume, which is made from the fermented juices of grapes, fruits, or other agricultural products[.]"

34. Generally, wine is distributed and sold in Ohio under a three-tier system. Under this system, three levels are involved in the sale and distribution of wine: the manufacturer, the wholesaler, and the retailer. A wine manufacturer sells the wine to a wholesale distributor who then sells the wine to a retailer. The retailer may then sell the wine directly to consumers at a permitted retail location. The manufacturer, wholesale distributor, and retailer must each obtain a proper permit from the Division.

35. With one exception, Ohio law prohibits the direct shipment of wine to consumers. Only the holder of a valid "S Permit" issued by the Division may ship wine directly to consumers.

36. An "S Permit" is available only to wine brand owners, wine importers, and certain wine manufacturers. A wine manufacturer is eligible for an "S Permit" if the manufacturer is entitled to a federal tax credit under 27 C.F.R. 24.278 and produces fewer than 250,000 gallons of wine per year. Ohio Rev. Code 4303.232.

37. An "S Permit" holder may send a shipment of wine that has been paid for by a consumer to that consumer via a motor carrier that holds a proper "H Permit" issued by the Division. Pursuant to Ohio Rev. Code 4303.232(C)(3), the "S Permit" holder must keep a record of each shipment.

38. Prior to sending a shipment of wine to a personal consumer, the holder of an "S Permit," or an employee of the permit holder, must make a bona fide effort to ensure that the personal consumer is at least twenty-one years of age. Additionally, the shipment of wine

must be shipped in a package that clearly has written on it in bold print the words "alcohol enclosed." Ohio Rev. Code 4303.232(C)(1).

39.   An "H Permit" is issued by the Division to for-hire motor carriers who are authorized to transport beer or intoxicating liquor in Ohio for delivery or use in Ohio. All "H Permit" carriers must submit a monthly report to the Division documenting, among other things, the sender, recipient, weight, tracking number, and date of delivery of each shipment of beer or intoxicating liquor. Ohio Rev. Code 4303.22.

40.   Wine sold in Ohio is subject to an excise tax. The tax is paid by permitted manufacturers and distributors "or by any other person selling or distributing wine upon which no tax has been paid." Ohio Rev. Code 4301.43(B) and 4301.432(B). Wine sold in Ohio is also subject to the state's general sales tax. Ohio Rev. Code Chapter 5739.

41.   A person who distributes or sells wine to consumers in Ohio may also be subject to Ohio's commercial activity tax. Ohio Rev. Code Chapter 5751.

42.   Ohio Rev. Code 4301.01(B)(5) defines "spirituous liquor" as including any intoxicating liquors containing more than 21 percent alcohol by volume.

43.   Pursuant to Ohio Rev. Code 4301.10(A)(3), the Division is the exclusive wholesale distributor and retailer of spirits in Ohio. The Division may sell spirits to consumers from a state-controlled warehouse, a state liquor retail store, or an agency retail store contracted by the Division.

44.   Ohio law prohibits anyone other than the Division or an agency retail store from directly shipping or otherwise selling spirits to consumers in Ohio.

45.  Spirits sold at retail are subject to Ohio's general sales tax. Ohio Rev. Code Chapter 5739. In certain counties, spirits are also subject to an additional excise tax for the financing of sports stadium construction or renovation. Ohio Rev. Code 4301.424.

## FACTUAL ALLEGATIONS REGARDING ILLEGAL DIRECT-TO-CONSUMER SHIPMENTS OF WINE AND ILLEGAL DIRECT-TO-CONSUMER SHIPMENTS OF SPIRITS

### A.    Factual Allegations Against Defendant Wine.com

46.  At all times relevant to this Complaint, Defendant Wine.com did not hold a valid "S Permit" issued by the Division.

47.  In calendar year 2019, Wine.com shipped and distributed wine directly to consumers in the State of Ohio.

48.  Upon information and belief, Wine.com made more than 24,000 direct shipments of wine to consumers located in Ohio during calendar year 2019. The total weight of the combined shipments exceeded 499,000 pounds.

49.  Upon information and belief, Wine.com continues to ship and distribute wine directly to consumers in the State of Ohio.

50.  On or about May 13, 2020, an employee of the Division ordered a bottle of wine through Wine.com's website, wine.com, using a pseudonym. The employee ordered one bottle of La Marca Prosecco wine to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068 (the "Tussing Road address"). The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

51.  On or about May 13, 2020, the Division's employee received email confirmation that the order described in Paragraph 50 had been received and would be processed shortly.

52. On or about May 18, 2020, a package containing the order described in Paragraph 50 was delivered to the Division's headquarters at 6606 Tussing Rd., Reynoldsburg, Ohio 43068 in a box bearing the text "wine.com."

53. The bottle received in the shipment described in Paragraphs 50 through 52 above contained "wine," as defined by Ohio Rev. Code 4301.01(B)(3).

54. The bottle received in the shipment described in Paragraphs 50 through 52 above contained "intoxicating liquor," as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

55. No one, including the holder of a valid "S Permit," may lawfully ship La Marca Prosecco directly to Ohio consumers.

56. The shipment described in Paragraphs 50 through 52 above was made in direct violation of Ohio law.

**B.     Factual Allegations Against Defendant Winc**

57. At all times relevant to this Complaint, Defendant Winc did not hold a valid "S Permit" issued by the Division.

58. In calendar year 2019, Winc shipped and distributed wine directly to consumers in the State of Ohio.

59. Upon information and belief, Winc made more than 13,000 direct shipments of wine to consumers located in Ohio during calendar year 2019. The total weight of the combined shipments exceeded 165,000 pounds.

60. Upon information and belief, Winc continues to ship and distribute wine directly to consumers in the State of Ohio.

61.    On or about May 14, 2020, an employee of the Division ordered a bottle of wine through Winc's website, winc.com, using a pseudonym. The employee ordered one bottle of 2019 Outer Sounds Sauvignon Blanc Marlborough to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068. The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

62.    On or about May 15, 2020, the Division's employee received email confirmation that the order described in Paragraph 61 had been received and shipped.

63.    On or about May 21, 2020, a package containing three bottles of 2019 Outer Sounds Sauvignon Blanc Marlborough was delivered to the Division's headquarters at 6606 Tussing Road, Reynoldsburg, Ohio 43068 in a box bearing the text "Winc."

64.    The bottles received in the shipment described in Paragraphs 61 through 63 above contained "wine," as defined by Ohio Rev. Code 4301.01(B)(3).

65.    The bottles received in the shipment described in Paragraphs 61 through 63 above contained "intoxicating liquor," as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

66.    The shipment described in Paragraphs 61 through 63 above was made in direct violation of Ohio law.

**C.    Factual Allegations Against Defendant Wine Country Gift Baskets**

67.    At all times relevant to this Complaint, Defendant Wine Country Gift Baskets did not hold a valid "S Permit" issued by the Division.

68.    In calendar year 2019, Wine Country Gift Baskets shipped and distributed wine directly to consumers in the State of Ohio.

13

69.  Upon information and belief, Wine Country Gift Baskets made more than 2,500 direct shipments of wine to consumers located in Ohio during calendar year 2019. The total weight of the combined shipments exceeded 28,000 pounds.

70.  Upon information and belief, Wine Country Gift Baskets continues to ship and distribute wine directly to consumers in the State of Ohio.

71.  On or about May 20, 2020, an employee of the Division ordered two bottles of wine through Wine Country Gift Basket's website, winecountrygiftbaskets.com, using a pseudonym. The employee ordered one bottle of Callister Cabernet Sauvignon and one bottle of Talaria Chardonnay to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068. The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

72.  On or about May 20, 2020, the Division's employee received email confirmation that the order described in Paragraph 71 had been received and would be processed shortly.

73.  On or about May 27, 2020, a package containing the order described in Paragraph 71 was delivered to the Division's headquarters at 6606 Tussing Road, Reynoldsburg, Ohio 43068. The return address label on the package listed the sender as "Wine County Gift Baskets 4225 N. Palm St. Fullerton, CA 92835-1045."

74.  The bottles received in the shipment described in Paragraphs 71 through 73 above contained "wine," as defined by Ohio Rev. Code 4301.01(B)(3).

75.  The bottles received in the shipment described in Paragraphs 71 through 73 above contained "intoxicating liquor," as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

14

76. Callister Cabernet Sauvignon is not lawfully registered in the State of Ohio. Therefore, any sale of this product in Ohio is unlawful.

77. The shipment described in Paragraphs 71 through 73 above was made in direct violation of Ohio law.

**D. Factual Allegations Against Defendant Ace Spirits**

78. At all times relevant to the Complaint, Defendant Ace Spirits did not hold a valid "S Permit" issued by the Division.

79. Upon information and belief, Ace Spirits shipped and distributed wine and spirits directly to consumers in the State of Ohio during calendar year 2019.

80. Upon information and belief, Ace Spirits made more than 1,500 direct shipments of wine and/or spirits to consumers located in Ohio during calendar year 2019. The total weight of the combined shipments exceeded 20,000 pounds.

81. Upon information and belief, Ace Spirits continues to ship and distribute wine and/or spirits directly to consumers in the State of Ohio.

82. On or about May 19, 2020, an employee of the Division ordered a bottle of wine and a bottle of spirits through Ace Spirit's website, acespirits.com, using a pseudonym. The employee ordered one bottle of 14 Hands Riesling and one bottle of Crown Royal Reserve whiskey to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068. The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

83. On or about May 19, 2020, the Division's employee received email confirmation that the order described in Paragraph 82 had been received and would be processed shortly.

84.    On or about May 27, 2020, a package containing one bottle of 14 Hands Riesling and one bottle of Crown Royal Blended Whiskey was delivered to the Division's headquarters at 6606 Tussing Road, Reynoldsburg, Ohio 43068.  The return address label on the package listed the sender as "Ace Wine and Spirits, 4 Shady Oak Road #18, Hopkins MN 55343."

85.    The bottles received in the shipment described in Paragraphs 82 through 84 above contained "wine," as defined by Ohio Rev. Code 4301.01(B)(3), and "spirituous liquor," as defined by Ohio Rev. Code 4301.01(B)(5).

86.    The bottles received in the shipment described in Paragraphs 82 through 84 above contained "intoxicating liquor" as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

87.    The shipment described in Paragraphs 82 through 84 above was made in direct violation of Ohio law.

**E.    Factual Allegations Against Defendants ReserveBar and Pacific Wine & Spirits**

88.    Upon information and belief, Defendant ReserveBar and Defendant Pacific Wine & Spirits illegally ship spirits directly to consumers located in Ohio.

89.    On or about May 6, 2020, an employee of the Division placed an order on ReserveBar's website, reservebar.com, using a pseudonym. The employee ordered one bottle of Bulleit Bourbon to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068. The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

90.    On or about May 6, 2020, the Division's employee received email confirmation that the order described in Paragraph 89 had been received and would be processed shortly.

91.     On or about May 18, 2020, a package containing the order described in Paragraph 89 was delivered to the Division's headquarters at 6606 Tussing Road, Reynoldsburg, Ohio 43068. The return address label on the package listed the sender as "Pacific Wines & Spirits 731 West Wilson Ave. GLENDALE CA 91203."

92.     In calendar year 2019, Pacific Wine & Spirits shipped and distributed wine and/or spirits directly to consumers in the State of Ohio.

93.     Upon information and belief, Pacific Wine & Spirits made more than 80 direct shipments of wine and/or spirits to consumers located in Ohio during calendar year 2019. The total weight of the combined shipments exceeded 1,000 pounds.

94.     Upon information and belief, Pacific Wine & Spirits continues to ship and distribute wine and/or spirits directly to consumers in the State of Ohio.

95.     The bottle received in the shipment described in Paragraphs 89 through 91 above contained "spirituous liquor," as defined by Ohio Rev. Code 4301.01(B)(5).

96.     The bottle received in the shipment described in Paragraphs 89 through 91 above contained "intoxicating liquor," as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

97.     The shipment described in Paragraphs 89 through 91 above was made by Defendant ReserveBar and/or Defendant Pacific Wine & Spirits in direct violation of Ohio law.

**F.      Factual Allegations Against Defendant Cocktail Courier**

98.     Upon information and belief, Defendant Cocktail Courier illegally ships spirits directly to consumers located in Ohio.

99.     On or around May 8, 2020, an employee of the Division ordered a cocktail kit through Cocktail Courier's website, cocktailcourrier.com, using a pseudonym. The kit included

17

bottles of spirits, specifically, three bottles containing 50 milliliters each of Jose Cuervo White Tequila. The employee ordered the cocktail kit to be delivered to 6606 Tussing Rd., Reynoldsburg, Ohio 43068. The Tussing Road address is the location of the Division's headquarters. The Tussing Road address is located in Franklin County, Ohio, and within the territory served by the United States District Court for the Southern District of Ohio.

100. On or around May 8, 2020, the Division's employee received email confirmation that the order described in Paragraph 99 had been received and would be processed shortly.

101. On or about May 18, 2020, a package containing the order described in Paragraph 99 was delivered to the Division's headquarters at 6606 Tussing Road, Reynoldsburg, Ohio 43068 in a box bearing the text "Cocktail Courier by ShakeStir." The return address label on the package listed the sender as "FROM: COCKTAIL COURIER 1765 N ELSTON AVE STE 107 CHICAGO IL 60642."

102. The bottles received in the shipment described in Paragraphs 99 through 101 above contained "spirituous liquor," as defined by Ohio Rev. Code 4301.01(B)(5).

103. The bottles received in the shipment described in Paragraphs 99 through 101 above contained "intoxicating liquor," as defined by Ohio law and the Twenty-First Amendment Enforcement Act.

104. The shipment described in Paragraphs 99 through 101 above was made in direct violation of Ohio law.

## COUNT ONE: INJUNCTIVE RELIEF UNDER THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT TO ENJOIN ILLEGAL DIRECT-TO-CONSUMER SHIPMENTS OF WINE

105. The State of Ohio repeats and incorporates by reference all allegations set forth in Paragraphs 1 through 104 of the Complaint, as if fully set forth herein.

106.    This is a claim for preliminary and permanent injunctive relief under 27 U.S.C. § 122a and Fed. R. Civ. P. 65.

107.    Pursuant to 27 U.S.C. § 122a and Fed. R. Civ. P. 65, the State of Ohio, acting on the relation of its Attorney General Dave Yost, is entitled to seek preliminary and permanent injunctive relief to restrain violations of Ohio liquor laws and enforce compliance with Ohio liquor laws.

108.    Ohio liquor laws prohibit the direct shipment of wine to any person in Ohio, except when the shipment is made by a person who holds a current and valid "S Permit" issued by the Division.

109.    Defendant Wine.com shipped wine to a person in Ohio on or about May 18, 2020. Wine.com does not currently hold a valid "S Permit" issued by the Division, nor did Wine.com hold a valid "S Permit" on or about May 18, 2020. Wine.com's direct shipment of wine to a person in Ohio violated Ohio liquor laws.

110.    Defendant Winc shipped wine to a person in Ohio on or about May 21, 2020. Winc does not currently hold a valid "S Permit" issued by the Division, nor did Winc hold a valid "S Permit" on or about May 21, 2020. Winc's direct shipment of wine to a person in Ohio violated Ohio liquor laws.

111.    Defendant Wine Country Gift Baskets shipped wine to a person in Ohio on or about May 27, 2020. Wine Country Gift Baskets does not currently hold a valid "S Permit" issued by the Division, nor did Wine Country Gift Baskets hold a valid "S Permit" on or about May 27, 2020. Wine Country Gift Basket's direct shipment of wine to a person in Ohio violated Ohio liquor laws.

112.   Defendant Ace Spirits shipped wine to a person in Ohio on or about May 27, 2020. Ace Spirits does not currently hold a valid "S Permit" issued by the Division, nor did Ace Spirits hold a valid "S Permit" on or about May 27, 2020. Ace Spirit's direct shipment of wine to a person in Ohio violated Ohio liquor laws.

113.   The State of Ohio will suffer irreparable harm if Wine.com, Winc, Wine Country Gift Baskets, and Ace Spirits continue to violate Ohio liquor laws. The continued violations will threaten Ohio's ability to effectively monitor and regulate the importation of intoxicating liquor into the State. The continued violations will also hinder the State's ability to assess and collect excise and sales taxes on the wine sold, thereby depriving the State of revenue.

114.   The issuance of an injunction will not harm third parties. Third parties can continue to buy, sell, and transport wine in Ohio through lawful channels. No party has a protectable interest in continuing illegal direct-to-consumer wine shipments.

115.   The issuance of an injunction will not harm the general public. To the contrary, it will benefit the public by ensuring a safe and fair wine market and the fair collection of tax revenue for alcoholic products sold in Ohio.

116.   The State of Ohio has no other adequate remedy at law.

117.   Illegal direct-to-consumer shipments of wine into Ohio will continue unabated absent injunctive relief.

118.   The State of Ohio is entitled to preliminary and permanent injunctive relief prohibiting Wine.com, Winc, Wine Country Gift Baskets, and Ace Spirits from violating Ohio liquor laws by directly shipping wine to consumers in Ohio.

## COUNT TWO: INJUNCTIVE RELIEF UNDER THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT TO ENJOIN ILLEGAL DIRECT-TO-CONSUMER SHIPMENTS OF SPIRITS

119.   The State of Ohio repeats and incorporates by reference all allegations set forth in Paragraphs 1 through 118 of the Complaint, as if fully set forth herein.

120.   This is a complaint for preliminary and permanent injunctive relief under 27 U.S.C. § 122a and Fed. R. Civ. P. 65.

121.   Pursuant to 27 U.S.C. § 122a and Fed. R. Civ. P. 65, the State of Ohio, acting on the relation of its Attorney General Dave Yost, is entitled to seek preliminary and permanent injunctive relief to restrain violations of Ohio liquor laws and enforce compliance with Ohio liquor laws.

122.   Ohio liquor laws prohibit the direct shipment of spirits to consumers in Ohio.

123.   Defendant ReserveBar and/or Defendant Pacific Wine & Spirits sold and shipped a spirit to a person in Ohio on or about May 18, 2020. ReserveBar and/or Pacific Wine & Spirits' sale and shipment of a spirit to a person in Ohio violated Ohio liquor laws.

124.   Defendant Cocktail Courier sold and shipped spirits to a person in Ohio on or about May 18, 2020. Cocktail Courier's sale and shipment of spirits to a person in Ohio violated Ohio liquor laws.

125.   Defendant Ace Spirits sold and shipped a spirit to a person in Ohio on or about May 27, 2020. Ace Spirits' sale and shipment of a spirit to a person in Ohio violated Ohio liquor laws.

126.   The State of Ohio will suffer irreparable harm if ReserveBar, Pacific Wine & Spirits, Cocktail Courier, and Ace Spirits continue to violate Ohio liquor laws. The continued violations will threaten Ohio's ability to effectively monitor and regulate the importation

of spirits into the State. The continued violations will also hinder the State's ability to directly sell spirits at retail and to assess and collect sales tax on the spirits sold, thereby depriving the State of revenue.

127.  The issuance of an injunction will not harm third parties. Third-party spirits manufacturers can continue to lawfully sell spirits to the Division, and Ohio consumers can continue to purchase spirits lawfully from the Division and the Division's retail agents. No party has a protectable interest in the illegal direct sale or purchase of spirits in Ohio.

128.  The issuance of an injunction will not harm the general public. To the contrary, it will benefit the public by ensuring a safe and fair spirits market and the generation of revenue through the proceeds and taxes generated by the Division's sale of spirits.

129.  The State of Ohio has no other adequate remedy at law.

130.  The illegal direct sale of spirits to persons in Ohio and direct shipment of spirits into Ohio will continue unabated absent injunctive relief.

131.  The State of Ohio is entitled to preliminary and permanent injunctive relief prohibiting ReserveBar, Pacific Wine & Spirits, Cocktail Courier, and Ace Spirits from violating Ohio liquor laws by selling and shipping spirits to consumers in Ohio.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the State of Ohio on relation of Attorney General Dave Yost, prays this Court order the following relief:

A.  Pursuant to 27 U.S.C. §122a, the State of Ohio requests a preliminary and permanent injunction ordering Defendants Wine.com, Winc, Wine Country Gift Baskets, and Ace Spirits to do the following:

1.  Immediately cease directing shipments of wine to consumers in the State of Ohio;

2.      Adequately train and educate their agents and employees that Defendants are not authorized to ship wine directly to consumers residing in the State of Ohio;

3.      Place adequate disclaimers in all advertisements for direct-to-consumer shipments of wine that may be viewed within the State of Ohio, including but not limited to web-based advertisement, that clarify that such offers are not available for acceptance by residents of the State of Ohio;

4.      Make such modifications as are reasonably necessary to ensure that their ordering systems, regardless of format or mechanism (whether web-based, telephonic, print, or mail), do not result in the shipment of wine directly to consumers residing in the State of Ohio; and

5.      Grant the Ohio Attorney General and the Division access to Defendants' business records, upon demand, such that the Ohio Attorney General and the Division may monitor Defendants' compliance with Ohio liquor laws for a period of the next five years.

B.      Pursuant to 27 U.S.C. §122a, the State of Ohio requests a preliminary and permanent injunction ordering Defendants ReserveBar, Pacific Wine & Spirits, Cocktail Courier, and Ace Spirits to do the following:

1.      Immediately cease directing shipments of spirits to consumers in the State of Ohio;

2.      Adequately train and educate their agents and employees that Defendants are not authorized to sell and/or ship spirits directly to consumers residing in the State of Ohio;

3.      Place adequate disclaimers in all advertisements for the sale of spirits that may be viewed within the State of Ohio, including but not limited to web-based

advertisement, to clarify that such offers are not available for acceptance by residents of the State of Ohio;

4.    Make such modifications as are reasonably necessary to ensure that their ordering systems, regardless of format or mechanism (whether web-based, telephonic, print, or mail), do not result in the shipment of spirits directly to consumers residing in the State of Ohio; and

5.    Grant the Ohio Attorney General and the Division access to Defendants' business records, upon demand, such that the Ohio Attorney General and the Division may monitor Defendants' compliance with Ohio liquor laws for a period of the next five years.

C.    Order all Defendants, jointly and severally, to pay costs and attorney's fees as permitted by law.

D.    Order such other relief as the Court deems just and proper.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Marissa J. Palumbo*

MARISSA J. PALUMBO (0089283)
*Trial Counsel*
Senior Assistant Attorney General
Ohio Attorney General's Office
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
ELSReview@ohioattorneygeneral.gov

JONATHAN R. FULKERSON (0068360)
Deputy Attorney General
Ohio Attorney General's Office
30 East Broad Street, 17th Floor

Columbus, Ohio 43215
(614) 466-4320 – Telephone
jonathan.fulkerson@ohioattorneygeneral.gov

TRISTA M. TURLEY-MARTIN (0093939)
Associate Assistant Attorney General
Ohio Attorney General's Office
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 387-3387– Telephone
trista.turley-martin@ohioattorneygeneral.gov

*Counsel for Plaintiff, State of Ohio*