## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO,** *ex rel.* | : | |
| **ATTORNEY GENERAL** | : | |
| **DAVE YOST,** | : | **Case No. 2:20-cv-3430** |
| | : | |
| **Plaintiff,** | : | **Judge Sarah D. Morrison** |
| | : | |
| v. | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **WINE.COM, INC.,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

### CONSENT DECREE AND FINAL JUDGMENT BETWEEN THE STATE OF OHIO AND DEFENDANT WINE.COM, INC., d.b.a. WINE.COM

Plaintiff, State of Ohio, ("the State"), filed a Complaint in this action against Defendant Wine.com, Inc., d.b.a. Wine.com ("Defendant" or "Wine.com"), and six other named Defendants for preliminary and permanent injunctive relief to restrain alleged continuing violations of Ohio liquor laws, Ohio Rev. Code Chapters 4301 and 4303, by Defendants. The State and Defendant Wine.com have consented to entry of this Consent Decree and Final Judgment between the State of Ohio and Defendant Wine.com, Inc., d.b.a. Wine.com (the "Consent Decree").

Now, therefore, without trial of any issue of law or fact, without admission of any issues of law or fact, and upon consent of the State and Defendant Wine.com, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### I.   JURISDICTION AND VENUE

1.   The Court has both personal jurisdiction over Defendant and subject matter jurisdiction over the case pursuant to 27 U.S.C. § 122a(c), 28 U.S.C. § 1331, Fed. R. Civ. P. 4(k), and Ohio Rev. Code 2307.382.    Venue is proper in this Court.

1

## II.  **PERSONS BOUND**

2.     The terms and provisions of this Consent Decree shall apply to and be binding upon the State, Defendant, and Defendant's successors in interest, parents, subsidiaries, affiliated entities, directors, officers, managers, agents, members, assigns, and employees.

3.     No change in ownership or corporate status of Defendant including, but not limited to, any transfer of assets or real or personal property shall in any way alter the Defendant's obligations under this Consent Decree.

## III.  **DEFINITIONS**

4.     The following terms are defined as follows for purposes of this Consent Decree:

a.   "Business Records" means Defendant's records concerning shipments of Wine to consumers, online order receipts, promotional materials and advertisements, in any form whatsoever, and tax returns.

b.   "Complaint" means the Complaint for Injunctive Relief filed by the State on July 8, 2020, in the above-captioned matter.

c.   "Defendant" means Wine.com, Inc., d.b.a. Wine.com, and its successors in interest, parents, subsidiaries, affiliated entities (including but not limited to Wine.com of Ohio, LLC), directors, officers, managers, agents, members, assigns, and employees.

d.   "Division of Liquor Control" means the Ohio Department of Commerce, Division of Liquor Control.

e.   "Effective Date" means the date the Clerk of Courts enters this Consent Decree.

f.   "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an uppercase or lowercase letter.

g.   "Parties" means the State and Defendant.

h.   "Section" means a portion of this Consent Decree identified by a Roman numeral.

2

i. "State" means the State of Ohio by and through its Attorney General Dave Yost.

j. "Wine" means "wine" as defined by Ohio Rev. Code 4301.01(B)(3) and includes all liquids fit to use for beverage purposes containing not less than one-half of one per cent of alcohol by volume and not more than twenty-one per cent of alcohol by volume, which is made from the fermented juices of grapes, fruits, or other agricultural products. Wine is included within the definition of intoxicating liquor as set forth in 27 U.S.C. § 122a(a)(2).

## IV.  OBLIGATIONS REGARDING WINE

5.     Defendant intends to establish and operate a physical business location in the State of Ohio.  Defendant shall submit applications to the Division of Liquor Control for all necessary and required permits.  Defendant shall keep all necessary and required permits valid and active so long as Defendant continues to sell Wine in or into Ohio.

6.     Defendant shall comply with all applicable regulations in the Ohio Revised Code and Ohio Administrative Code regarding the sale of Wine to consumers.

## V.  GENERAL OBLIGATIONS

7.     Defendant shall grant the Ohio Attorney General's Office and the Division of Liquor Control access to Defendant's Business Records, upon reasonable demand, such that the Ohio Attorney General's Office and/or the Division of Liquor Control may monitor Defendant's compliance with Ohio liquor laws for a period of five years from the Effective Date of this Consent Decree.

8.     If, at any time during a period of five years from the issuance of a New Alcoholic Beverage Permit from the Division of Liquor Control to Wine.com of Ohio LLC, Defendant is found to have shipped Wine to a consumer located in the State of Ohio without having a proper permit from the Division of Liquor Control to do so, Defendant shall pay

the Division of Liquor Control One Hundred and Fifty Dollars ($150.00) per each such illegal shipment of Wine.

## VI.   MUTUAL RELEASE AND COVENANT NOT TO SUE

9.   In consideration of Defendant's fulfillment of the terms set forth in Sections IV and V above, the State releases and covenants not to sue Defendant for the specific claims alleged against Defendant in the Complaint and specifically reserves the rights set forth in Paragraphs 11 and 12 herein.

10.   In consideration of the State's release and covenant not to sue Defendant as set forth in Paragraph 9, Defendant releases and covenants not to sue the State for any claims or defenses that may have been raised by Defendant in this action or in response to this action, including but not limited to any claims that the State has intentionally interfered with Defendant's contractual or business relationships.

## VII.   RESERVATION OF RIGHTS

11.   The State expressly reserves the right to seek any and all legal relief available for violations of Ohio Rev. Code Chapter 4301, Ohio Rev. Code Chapter 4303, and/or the Ohio Administrative Code that occur by Defendant after the Effective Date of this Consent Decree.

12.   The Parties expressly understand and acknowledge that this Consent Decree shall not be binding on any county prosecutor in the State of Ohio.  The Parties expressly understand and acknowledge that this Consent Decree is not binding on the Ohio Department of Taxation for purposes of any assessments or actions it may take for unpaid taxes, penalties, and interest.  Defendant reserves, and does not waive, any rights, claims, or defenses with respect to any such claims or actions.

4

## VIII.  ATTORNEYS' FEES AND COSTS

13.     The Parties expressly acknowledge and agree that each shall be responsible for its own attorneys' fees and costs.

## IX.  MODIFICATIONS

14.     This Consent Decree may be modified by agreement of the Parties. Modifications shall be in writing, signed by counsel for the State, counsel for Defendant, and an authorized representative of Defendant and memorialized in an order executed and entered by the Court.  Any such modifications shall be effective on the date the Court enters its order approving such modifications.

## X.  OTHER CLAIMS

15.     Nothing in this Consent Decree shall constitute or be construed as a release from any claim, cause of action, or demand in law or equity against any person, firm, partnership, or corporation not a party to this Consent Decree, for any liability arising from, or related to, the allegations in the Complaint including, but not limited to Defendants U.S. Beverage Advertising Corp., Pacific Wine & Spirits, LLC, ShakeStir, LLC, Winc, Inc., Houdini, Inc., and AWS Hopkins, LLC.

## XI.  RETENTION OF JURISDICTION

16.     This Court shall retain jurisdiction of this matter for the purpose of overseeing compliance with and resolving disputes arising under this Consent Decree.

## XII.  AUTHORITY TO ENTER INTO THE CONSENT DECREE

17.     The signatory for each Party represents and warrants that he or she has been duly authorized to sign this document and so bind the respective Party to all terms and conditions thereof.

**IT IS SO ORDERED AND AGREED.**

_s/_ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

APPROVED:

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

*DEPUTY ATTORNEY*
*GENERAL* 21/1/21

**MARISSA J. PALUMBO (0089283)**
Senior Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7250 – Telephone
marissa.palumbo@ohioattorneygeneral.gov

**TRISTA M. TURLEY (0093939)**
Associate Assistant Attorney General
Ohio Attorney General's Office
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 387-3387 – Telephone
trista.turley@ohioattorneygeneral.gov

**JONATHAN R. FULKERSON (0068360)**
Deputy Attorney General
Ohio Attorney General's Office
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-4320 – Telephone
jonathan.fulkerson@ohioattorneygeneral.gov

*Counsel for State of Ohio*

**SCOTT E. NORTH (0028043)**
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
(614) 227-2000 – Telephone
snorth@porterwright.com

*Counsel for Defendant Wine.com, Inc.,*
*d.b.a. Wine.com*

**WINE.COM, INC.,**
**d.b.a. WINE.COM** *William Tomaszewski*

1A7977AAE49CF881C6B96S2037E6E234     Secured on

By: _____

Printed Name: __William Tomaszewski__

Title: __General Counsel__

Date: __01/21/2021__